ADETUNJI ADEIFE, ESQ. (SBN 338444)  joseph@adralaw.com
ADEIFE & RABII APC
15020 Ventura Blvd Ste 1200
Sherman Oaks, CA 91403
Tel: (305) 923-3438

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIRAM IVAN CRUZ GARCIA p/k/a "KEKO MUSIK"<br><br>Plaintiffs,<br><br>v.<br><br>VERGE RECORDS INTERNATIONAL, INC., a Tennessee corporation individually and doing business as "ONERPM"; CARLOS JAVIER RAIN PAILACHEO, an individual; CHRISTOPHER ANDRES ALVAREZ GARCIA, an individual; and DOES 1-25<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1. COPYRIGHT INFRINGEMENT<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs, through counsel, hereby pray to this Honorable Court for relief based on the following:

## Jurisdiction and Venue

1. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a)-(b), and 1367(a)

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c), 1400(a).

**Parties**

4. Plaintiff Hiram Ivan Cruz Garcia p/k/a Keko Musik ("Keko Musik") is a resident of San Juan, Puerto Rico.

5. Upon information and belief, Plaintiff alleges that Defendant Verge Records International, Inc., is a Tennessee corporation doing business in and with the state of California, including in this judicial district.

6. Upon information and belief, Plaintiff alleges that Defendant Carlos Javier Rain Pailacheo p/k/a Pailita ("Pailita") is an individual residing in Chile and doing business in and with the state of California, including this judicial district.

7. Upon information and belief, Plaintiff alleges that Defendant Christopher Andres Alvarez Garcia p/k/a Chris MJ ("Chris MJ") is an individual residing in Chile and doing business in and with the state of California, including this judicial district.

8. Plaintiffs are ignorant of the true names, capacities, and/or liabilities of defendants sued herein as Does 1-25, inclusive, and therefore sue these defendants by such fictitious names and alleges that Does 1-25 are responsible in some manner for the occurrences herein alleged. Plaintiffs will amend this complaint to allege their true names, capacities, and/or liabilities when ascertained.

9. In doing the things alleged herein, Defendants were agents, servants, representatives, partners, joint venturers, affiliates, parents, subsidiaries, and/or employees of each other in the acts and/or omissions herein alleged. Defendants were acting within the course and scope of their authority as such agents, servants, representatives, partners, joint venturers, affiliates, parents, subsidiaries, and/or employees with permission authorization, consent, and ratification of each other.

**Factual Background**

10. Plaintiff Keko Musik is an influential and innovative composer, musician, and producer known for, *inter alia*, relentless dedication, exceptional musical talent, and innovative production techniques. Plaintiff's contributions to the modern soundscape of reggaeton and Latin music, has amplified the careers of some of the most prominent artists in those genres.

11. Fernando Luis Sierra Benitez p/k/a Jory Boy ("Jory Boy") is a musical artist in the Latin urban genre of Reggaetón.

12. In or around 2011, Plaintiff produced the instrumental of the song Tiempo Pasado, Tiempo Perdido ("*Tiempo*" or the "Song"). Plaintiff created the Song utilizing FL Studio, an all-in-one music production software that allows producers to create, mix, and master music to the most professional standards.

13. *Tiempo* is an original work, including, without limitation an original drum pattern with musical elements that differentiates it from prior works. *Tiempo* features, inter alia, a programmed kick, hi-hat playing a one bar pattern, shaker, and synthesized "tom" playing on beats one and three, and shaker that play a roll at the end of every second bar and free improvisation over the pattern for the duration of ther song. The foregoing combination of elements is original to Plaintiff and was distinctive upon its creation.

14. Jory Boy recorded and contributed his vocals over *Tiempo* as the sole vocalist on the record. His distinctive voice and artistic interpretation played a pivotal role in bringing the Song to life, further enriching its original composition with his unique vocal style and lyrical contribution.

15. *Tiempo* was recorded in Puerto Rico and released for commercial distribution in 2017. Upon its release, the Song garnered substantial acclaim, establishing itself as a substantial success both critically and commercially on an international scale within the Reggaetón genre.

16. Plaintiff possesses copyright ownership for the *Tiempo* composition and sound recording and the allegations made herein are for the violation of Plaintiff's ownership and/or exclusive rights in the aforementioned composition and sound recording.

17. On or about September 18, 2022, Defendants released the single *Ponte De Espalda* ("*Ponte"*) by Pailita & Chris MJ.

18. *Ponte* became a hit song garnering millions of plays and streams, resulting in significant revenue and profits to Defendants. In early 2023, Defendants produced a music video for *Ponte* containing the same sound recording and composition of *Ponte*, which also garnered millions of views on YouTube, resulting in significant revenue and profits to Defendants.

19. The Infringing Works consist of, among other things, rhythmic speech, drums, hi-hat playing a one bar pattern, and programmed kick. The primary musical elements of *Ponte* consist of an unauthorized sample and/or verbatim copy of elements from *Tiempo*.

3

20. Moreover, the composition of *Ponte* substantially comprises the composition of *Tiempo*. The drum pattern, including other elements, of *Ponte* is substantially the same as *Tiempo*. The kick, hi-hat, and bass are so prominent in *Ponte*, which emulates the sonic texture substantially similar, if not virtually identical to *Tiempo*.

21. On information and belief, Plaintiff alleges that Defendants, and each of them, are responsible for the creation and exploitation of the works found and listed in **Exhibit A** attached hereto (collectively, the "Infringing Works"). The Infringing Works include a commercial song and its corresponding music video that have garnered millions of plays and streams, respectively, and resulted in significant revenue and profits to the Defendants, and each of them.

22. On information and belief, Plaintiff alleges that Defendants never sought or obtained a license, authorization, or consent from Plaintiff to use or copy any elements, portions, or versions of *Tiempo* in which Plaintiff owns copyrights, in connection with any of the Infringing Works.

23. On information and belief, Plaintiff alleges that each of the Infringing Works, as described below, infringes on Plaintiff's copyrights in the above-mentioned composition and sound recording. Despite notice of the infringement, Defendants, and each of them, continue to exploit, and generate revenue and profits from, the Infringing Works, in violation of Plaintiff's rights in the work at issue.

24. On information and belief, Plaintiff alleges that Defendants, and each of them, in reproducing, distributing, developing, and performing the Infringing Works, committed an act of copyright infringement in the United States and its territories that allowed for further infringement outside of the United States.

25. On information and belief, Plaintiff alleges that each of the Infringing Works was streamed, distributed, downloaded, uploaded, performed and otherwise exploited within the United States, and its territories, and by United States residents, and that this creative process included reproducing, copying, and/or creating derivative works from the sound recording and compositions for *Tiempo*.

**FIRST CLAIM FOR RELIEF**

**COPYRIGHT INFRINGEMENT**

**(Plaintiff Keko Musik, an individual, against all Defendants)**

26. Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

27. Plaintiff owns the copyrights in and for the composition and sound recording for *Tiempo*.

28. *Tiempo* is an original composition and sound recording for which Plaintiff has ownership.

29. Defendants had access to *Tiempo* because *Tiempo* was widely distributed throughout the world since 2017 and was made available for digital download and on digital music streaming platforms, which were the dominant media formats at the time of release. Specifically, *Tiempo* was available on streaming platforms such as Spotify, Apple Music, Amazon, Pandora and YouTube prior to the creation of each of the Infringing Works.

30. In addition, Defendants' "sampling" (direct extraction and reproduction) of *Tiempo* establishes access by way of striking similarity, if not virtual identity, and establishes access.

31. Defendants, and each of them, infringed Plaintiff's rights in *Tiempo* by sampling the recording *Tiempo* and reproducing such sample in all of the Infringing Works without Plaintiff's authorization or consent.

32. Alternatively, Defendants, and each of them, infringed Plaintiff's rights in *Tiempo* by making a direct copy of the composition of *Tiempo* and using that copy in all of the Infringing Works without Plaintiff's authorization or consent.

33. Upon information and belief, Plaintiff alleges that Defendants have infringed Plaintiff's rights in *Tiempo* by, without limitation, (a) authorizing the reproduction, distribution and sale of records and/or digital downloads of the Infringing Work through the execution of licenses, and/or actually reproducing, and/or selling and distributing physical or digital or electronic copies of the Infringing Works through various physical and online sources and applications, including without limitation, through iTunes; (b) streaming and/or publicly performing or authorizing the streaming and/or public performance of the Infringing Works through, without limitation, Spotify, YouTube, and Apple Music; and (c) participating in and furthering the aforementioned infringing

acts, and/or sharing in the proceeds therefrom, all through substantial use of *Tiempo* in and as part of *Ponte*, packaged in a variety of configurations and digital downloads, mixes and versions, and performed in a variety of ways including, but not limited to, audio and video.

34. Plaintiff is informed and believes and thereon alleges that Verge International, Inc. have infringed Plaintiff's rights in *Tiempo* by, without limitation, exploiting it for profit by licensing, or otherwise authorizing third parties to use, reproduce and/or perform the Infringing Works for profit.

35. Defendants, and each of them, have engaged and continue to engage in the unauthorized reproduction, distribution, public performance, licensing, display and creation of the Infringing Works. The foregoing acts infringe Plaintiff's rights under the Copyright Act. Such exploitation includes, without limitation, Defendants', and each of them, distributing and broadcasting the Infringing Works on streaming platforms, including Spotify, Apple Music, Amazon, Pandora, and YouTube.

36. Due to Defendants', and each of their, acts of infringement, Plaintiff's have suffered actual, general, and special damages in an amount to be established at trial, including but not limited to lost license fees and other economic opportunities related to *Tiempo*.

37. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in Plaintiff's copyrighted composition and sound recording. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringements of their rights in the composition and sound recording in an amount to be established at trial.

## SECOND CLAIM FOR RELIEF

## VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT

**(Plaintiff Keko Musik, an individual, against all Defendants)**

38. Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

39. Plaintiff is informed and believe and now allege that Defendants knowingly induced,

1 participated in, aided and abetted in and profited from the illegal reproduction, distribution, and
2 publication of the Infringing Works as alleged above. Specifically, the producers, underwrote,
3 facilitated, and participated in the illegal copying and infringing of the individual musician
4 Defendants during the creation of the Infringing Works and realized profits through their respective
5 distribution, and publication of the respective Infringing Works.

6     40.    Plaintiff is informed and believe and now allege that Defendants, and each of them,
7 are vicariously liable for the infringement alleged herein because they had the right and ability to
8 supervise the infringing conduct and because they had a direct financial interest in the infringing
9 conduct. Specifically, each Defendant involved in the infringement had the ability to oversee the
10 publication and distribution of the Infringing Works. And, Defendants, and each of them, realized
11 profits through their respective obtainment, distribution, and publication of the Infringing Works.

12     41.    By reason of Defendants', and each of their, acts of contributory and vicarious
13 infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages
14 in an amount to be established at trial, as well as additional actual, general, and special damages in
15 an amount to be established at trial.

16     42.    Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and
17 each of them, have obtained direct and indirect profits they would not otherwise have realized but
18 for their infringement of Plaintiff's rights. As such, Plaintiff is entitled to disgorgement of
19 Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's
20 rights in their copyrighted composition and sound recording in an amount to be established at trial.

## PRAYER FOR RELIEF

(Against All Defendants)

WHEREFORE, Plaintiff prays for relief as follows:

1. That Defendants, and each of them, as well as their affiliates, agents, and employees be enjoined from infringing Plaintiff's copyrights in and to Plaintiff's copyrighted composition and sound recording;

2. Granting an injunction permanently restraining and enjoining Defendants, and each of

them, as well as their officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them, or any of them, from further infringing Plaintiff's copyrights in and to Plaintiff's copyrighted composition and sound recording;

3. That Plaintiff be awarded all profits of Defendants, and each, plus all losses of Plaintiff, plus any other monetary advantage or financial benefit gained or realized by the Defendants, or each of them, through their infringement, the exact sum to be proven at the time of trial;

4. That Defendants pay damages equal to Plaintiff's actual and lost profits;

5. That Plaintiff be awarded pre-judgment interest as allowed by law;

6. That Plaintiff be awarded the costs of this action; and

7. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims so able to be tried pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: March 25, 2024

ADEIFE & RABII APC

By: /s/Adetunji Adeife
ADETUNJI ADEIFE, ESQ.
Attorneys for Plaintiff